[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10926
Non-Argument Calendar

_____

D.C. Docket No. 4:13-cr-00168-BAE-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE LIRA-XOCHICALE,
a.k.a. Roger,
a.k.a. Juan De Dios,
a.k.a. Juan Diablo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(December 18, 2014)

Before HULL, WILLIAM PRYOR and JULIE CARNES, Circuit Judges.

PER CURIAM:

Jorge Lira-Xochicale appeals his sentence of 66 months of imprisonment imposed for conspiring to transport a person in interstate commerce for purposes of prostitution, 18 U.S.C. § 371, and conspiring to harbor illegal aliens for purposes of financial gain, 8 U.S.C. § 1324(a)(1)(A)(v)(I). Lira-Xochicale argues that his sentence is unreasonable. We affirm.

The district court did not abuse its discretion by varying upward 15 months from the high end of Lira-Xochicale's advisory guideline range of 41 to 51 months of imprisonment. Lira-Xochicale and his coconspirators smuggled women into the United States and used violence, intimidation, and threats of deportation to force them to engage in prostitution. Lira-Xochicale transported at least six prostitutes for the conspiracy, one of whom he called his "wife," and he converted his apartment into a makeshift brothel by hanging a sheet from the ceiling, placing a mattress on the floor, and providing condoms and containers of personal lubricant. The district court reasonably determined that a sentence of 66 months of imprisonment was required to address the "nature and circumstances of [Lira-Xochicale's] offense" and his "history and characteristics," and "to reflect the seriousness of [his] offense," "to promote respect for the law[,] . . . to afford some deterrence to criminal conduct[,] and to protect . . . further victims [against similar future] crimes [by Lira-Xochicale] and the members of the conspiracy." *See* 18 U.S.C. § 3553(a). And Lira-Xochicale's 66-month term is substantially less than

2

his statutory maximum sentence of 15 years of imprisonment. *See United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014).

The reasons provided by the district court were sufficiently compelling to justify the extent of its upward variance. *See United States v. Irey*, 612 F.3d 1160, 1186–87 (11th Cir. 2010) (*en banc*). The district court explained that the recommended sentencing range failed to account for Lira-Xochicale's "integral part [in] the conspiracy"; his involvement with "more than eight victims"; his "coordinat[ion] [of] the transportation and delivery of prostitutes with both of the main or lead defendants"; his "transport[ion] [of] many of the prostitutes between various locations throughout Georgia and other states"; and his actions "as a pimp for prostitutes in the . . . Atlanta, Georgia area." Lira-Xochicale's sentence is within the range of reasonable sentences for his role in the conspiracy. *See id.* at 1190. Lira-Xochicale argues that his "role in the offense . . . is not a basis for departing from th[e] [recommended sentencing] range," United States Sentencing Guidelines Manual § 5H1.7 (Nov. 2013), but his sentence was the result of a variance, not a departure.

Lira-Xochicale argues that his conduct "falls squarely within the typical sex trafficking involving undocumented immigrants" and he received an unwarranted variance that deserves the "closer review" called for in *United States v. Kimbrough*, 552 U.S. 85, 109, 128 S. Ct. 558, 575 (2007), but we disagree. Lira-

3

Xochicale's offense differs from a "mine-run case," *id.* at 109, 128 S. Ct. at 575, where a conspirator smuggles illegal aliens into the United States and transports them for a prostitution ring. Although it might be commonplace for the conspirator to select a location for the prostitutes and to transport them, it is uncharacteristic for him to act as their pimp.

We **AFFIRM** Lira-Xochicale's sentence.